**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WUXI APPTEC CO., LTD.,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE a/k/a<br>U.S. DEPARTMENT OF WAR, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-2069 (JEB) |

**<u>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendants U.S. Department of Defense a/k/a U.S. Department of War ("the Department"); Secretary of War Pete Hegseth, in his official capacity; Deputy Secretary of War Steve Feinberg, in his official capacity; and Assistant Secretary of War for Industrial Base Policy Michael Cadenazzi, in his official capacity (collectively, "Defendants") respectfully submit the following Answer to WuXi AppTec Co., Ltd.'s ("Plaintiff's") Complaint, ECF No. 1. All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Defendants respectfully refer the Court to all referenced external documents as the best evidence of their contents. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.

Plaintiff has used headings throughout its Complaint. Defendants have included placeholder headings in the Answer for ease of reference. Defendants' use of Plaintiff's heading structure should not be interpreted as an admission of or agreement with any language or assertion contained in Plaintiff's headings.

Defendants respond to the separately numbered paragraphs of the Complaint as follows:

1. The allegations in this paragraph consist of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, admitted that Defendants designated Plaintiff as a "Chinese military company" under Section 1260H of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021, § 1260H, 134 Stat. 3388, 3965–66 (2021), as amended ("Section 1260H"). Otherwise, denied.

2. The allegations in this paragraph consist of legal conclusions and of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, this paragraph is denied.

3. Admitted that Plaintiff is a widely held, public company traded on the Hong Kong and Shanghai stock exchanges. Defendants lack knowledge or information sufficient to form a belief about the truth of remaining allegations in this paragraph, which are therefore denied

4. The allegations in the first and second sentences of this paragraph consist of legal conclusions and of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, denied. As to the third sentence of this paragraph, admitted that Defendants did not designate Plaintiff as a Chinese military company on the Section 1260H list published on January 7, 2025. Otherwise, denied.

5. The allegations in this paragraph consist of legal conclusions and of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, admitted as to the first sentence. Admitted, in the second sentence, that Deputy Secretary of War Feinberg informed Congress in October 2025 that Defendants at that time believed that Plaintiff should be designated as a Chinese military company under Section 1260H. The remaining allegations in this paragraph are denied.

6. The allegations in this paragraph consist of legal conclusions and of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, denied as to the first sentence. As to the second sentence, admitted that Defendants posted a Section 1260H list on February 13, 2026 that included Plaintiff and then withdrew the list from public inspection approximately one hour later. Otherwise denied as to the second sentence. Admitted as to the third sentence. Admitted as to the fourth sentence. Denied as to the fifth sentence. The sixth sentence contains citations to legal authorities, to which no response is required.

7. The allegations in this paragraph consist of legal conclusions and of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, this paragraph is denied.

8. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

9. Admitted that Plaintiff has moved for—and received—a preliminary injunction. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in this paragraph are denied.

## JURISDICTION AND VENUE

10. The allegations in this paragraph consist of legal conclusions to which no response is required.

11. The allegations in this paragraph consist of legal conclusions to which no response is required.

12. The allegations in this paragraph consist of legal conclusions to which no response is required.

## PARTIES

13. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, which are therefore denied.

14. Admitted.

15. Admitted.

16. Admitted, except to the extent that Defendant Feinberg "manages the process" for the designation and removal of entities from the Section 1260H list, which consists of Plaintiff's characterization of the Deputy Secretary's authority and to which no response is required. To the extent a response is required, admitted that Defendant Feinberg oversees the Section 1260H process, though he is not involved in its day-to-day operations.

17. Admitted.

## FACTUAL ALLEGATIONS

### I. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, which are therefore denied.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, which are therefore denied.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, which are therefore denied.

21. Admitted that Plaintiff is a publicly traded company. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, which are therefore denied.

22. The first sentence in this paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this sentence, which are therefore denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, which are therefore denied.

**II. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

23. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

24. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, which is therefore denied.

25. Denied as to the first sentence. Defendants lack knowledge or information sufficient to form a belief about the allegations contained in the second and third sentences of this paragraph, which are therefore denied.

26. Denied as to the first sentence. As to the second sentence, admitted that Plaintiff operates as a Contract Research, Development, and Manufacturing Organization (CRDMO). Defendants lack knowledge or information sufficient to form a belief about the allegation that Plaintiff has limited visibility into customer activity, which is therefore denied.

**III. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

27. Admitted as to the first sentence. The second and third sentences of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the second and third sentences of this paragraph are denied.

**A. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

28. As to the first sentence, admitted that Plaintiff presented information to the Department of Defense in 2024 via meetings and correspondences. The remaining allegations in the first sentence consist of legal conclusions to which no response is required. As to the second sentence, admitted that Plaintiff briefed the Department in person on August 26, 2024. The remaining allegations in this sentence consist of Plaintiff's characterization as to the applicability of Section 1260H, to which no response is required. To the extent a response is required, denied. As to the third sentence, admitted that Plaintiff described recent news sources as inaccurate. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in the third sentence, which are therefore denied.

29. Admitted.

30. Admitted that the Section 1260H list published on January 7, 2025 did not include Plaintiff. The allegation in this paragraph that Defendants "rightly" did not designate Plaintiff consists of a legal conclusion to which no response is required

**B. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

31. Admitted as to the first and second sentences of this paragraph. Admitted as to the third sentence of this paragraph except to the extent that any of Defendants' actions was taken "unbeknownst" to Plaintiff. Defendants lack knowledge or information sufficient to form a belief

about the allegation that Plaintiff did not know about Defendants' actions, an allegation that is therefore denied. Denied as to the fourth sentence, except as to the allegation that any particular action was taken "well before [Plaintiff] was able to explain that there had been no designation of [Plaintiff] under Section 1260H," about which Defendants lack knowledge or information sufficient to form a belief and which is therefore denied.

32. Admitted except to the extent that the "countries agreed to a broad trade truce," which reflects Plaintiff's characterization of public news reporting. Defendants respectfully refer the Court to that reporting for a complete and accurate statement of its contents and deny any inconsistent allegations.

33. As to the first sentence, admitted to the extent that Plaintiff made an in-person presentation to the Department explaining its business and providing its perspective that Plaintiff does not fit the criteria to be a Chinese military company under Section 1260H. Denied as to any allegation that Plaintiff does not actually qualify as a Chinese military company under Section 1260H. Admitted as to the second sentence. As to the third sentence, admitted to the extent that Plaintiff provided its perspective that Plaintiff does not meet the criteria of the definitional prongs under Section 1260H. Denied as to any allegation that Plaintiff does not actually qualify as a Chinese military company under Section 1260H.

34. Admitted.

35. The first sentence reflects Plaintiff's characterization of public news reporting. Defendants respectfully refer the Court to that reporting for a complete and accurate statement of their contents and deny any inconsistent allegations. As to the second sentence, admitted that Plaintiff emailed the Department to inquire about the media reports referenced in the first sentence and to offer to address any questions from the Department. Denied as to any allegation that the

Department's intention to designate Plaintiff under Section 1260H was fully formed until the moment that designation occurred. Admitted as to the third sentence. Admitted as to the fourth sentence, as of the date of the filing of Plaintiff's Complaint.

**IV. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

**A. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

36. The allegations in this paragraph consist of legal conclusions to which no response is required.

37. The allegations in this paragraph consist of legal conclusions to which no response is required.

38. The allegations in this paragraph consist of legal conclusions to which no response is required.

39. The allegations in this paragraph consist of legal conclusions to which no response is required.

40. The allegations in the first three sentences of this paragraph reflect Plaintiff's characterization of the procedural histories of several lawsuits under a provision not at issue in this action. Defendants respectfully refer the Court to those lawsuits for a complete and accurate statement of those procedural histories and deny any inconsistent allegations. Admitted as the fourth sentence.

41. The allegations in this paragraph consist of Plaintiff's characterization of the legislative basis for enactment of Section 1260H, to which no response is required. To the extent a response is required, denied that Section 1260H was enacted to accomplish exactly the same goals of Section 1237 and that the primary goal of Section 1260H is to "name and shame" companies designated as Chinese military companies.

**B. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

42. As to the first sentence, admitted that the Department posted an updated Section 1260H list on February 13, 2026 that included Plaintiff. The allegation that Defendants did so without any notice or an opportunity to be heard is a legal conclusion to which no response is required. To the extent a response is required, denied. Admitted as to the second sentence.

43. Admitted except to the extent that Plaintiff's characterization of the Department's basis for designating Plaintiff as "minimal" is denied.

44. Denied as to the first sentence. The second sentence consists of a legal conclusion and of Plaintiff's characterization of public news reporting, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to that reporting for a complete and accurate statement of its contents, deny any inconsistent allegations, and deny the allegation that disclosure of the Section 1260H list damaged Plaintiff's reputation.

45. This paragraph consists of legal conclusions and of Plaintiff's characterization of public news reporting, to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the public news reporting for a complete and accurate statement of its contents, deny any inconsistent allegations, and deny the allegations that posting of the Section 1260H lacked justification, was haphazard, was arbitrary and capricious, and was not a legitimate evidence-based national security determination.

46. Admitted as to the first sentence. The second sentence consists of legal conclusions and Plaintiff's characterization of its own intent, to which no response is required. To the extent a response is required, denied as to the harm Plaintiff alleges it suffered. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations related to Plaintiff's intent. Admitted as to the third sentence.

47. Admitted that Plaintiff wrote to Deputy Secretary of War Feinberg to provide its position that Plaintiff does not qualify as a Chinese military company. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

**C. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

48. As to the first sentence, admitted that Plaintiff wrote to Deputy Secretary of War Feinberg and that the Department posted an updated Section 1260H list on June 8, 2026, with a publication date of June 10, 2026. As to the second sentence, admitted that the June 10, 2026 Section 1260H list included Plaintiff. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in this paragraph are denied.

49. As to the first sentence, admitted that the basis stated in the June 10, 2026 Section 1260H list for including Plaintiff in the list was: "WuXi AppTec is indirectly owned by SASAC and is indirectly affiliated with SASTIND and the PLA (Section 1260H(g)(2)(B)(i)(I))." The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in this paragraph are denied.

**D. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

50. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

51. As to the first sentence, Defendants lack knowledge or information sufficient to form a belief about the truth of allegations related to the number of institutional or individual shareholders of Plaintiff. As to the third sentence, Defendants lack knowledge or information

sufficient to form a belief about the truth of allegations that Plaintiff does not have control over who buys or sells the company's shares. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in this paragraph are denied.

52. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

53. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

54. As to the first sentence, the allegations in this sentence consist of legal conclusions to which no response is required. To the extent a response is required, denied as to the first sentence. As to the second sentence, admitted that Plaintiff has repeatedly provided to the Department its position that it is not affiliated with the Chinese government or military. Otherwise, denied. As to the third sentence, denied.

55. Admitted as to the first and second sentences. Denied as to the third sentence.

**V. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

56. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

57. The allegations in this paragraph consist of legal conclusions to which no response is required.

58. The allegations in this paragraph consist of legal conclusions to which no response is required.

59. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

60. The allegations in this paragraph consist of legal conclusions to which no response is required.

61. As to the first sentence, denied that the sole original goal of the Section 1260H list was "naming and shaming." The remaining allegations in the first sentence consist of legal conclusions to which no response is required. As to the second and third sentences, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in those sentences, which are therefore denied. The allegations in the fourth sentence consist of Plaintiff's characterization of public market data. Defendants refer the Court to that public data for a complete and accurate statement of its contents and deny any inconsistent allegations.

**VI. The Complaint here contains a heading not included in a numbered paragraph, to which no response is required.**

62. The allegations in this paragraph consist of legal conclusions to which no response is required.

63. As to the first sentence, admitted that the Department is an "agency" under the Administrative Procedure Act. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

64. The allegations in this paragraph consist of legal conclusions to which no response is required.

## STATEMENT OF CLAIMS FOR RELIEF

## COUNT I

65. Defendants incorporate by reference their responses to the above paragraphs.

66. The allegations in this paragraph consist of legal conclusions to which no response is required.

67. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, denied that the designation is unlawful.

68. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

69. The allegations in this paragraph consist of legal conclusions to which no response is required.

70. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

71. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

72. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**COUNT II**

73. Defendants incorporate by reference their responses to the above paragraphs.

74. The allegations in this paragraph consist of legal conclusions to which no response is required.

75. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

76. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**COUNT III**

77. Defendants incorporate by reference their responses to the above paragraphs.

78. The allegations in this paragraph consist of legal conclusions to which no response is required.

79. Admitted as to the first sentence. The second sentence consists of a legal conclusion to which no response is required.

80. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

81. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

82. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

83. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**COUNT IV**

84. Defendants incorporate by reference their responses to the above paragraphs.

85. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

86. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

87. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

**COUNT V**

88. Defendants incorporate by reference their responses to the above paragraphs.

89. The allegations in this paragraph consist of legal conclusions to which no response is required.

90. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

91. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required. To the extent that a response is deemed necessary, Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

Defendants deny any and all allegations of the Complaint not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants reserve the right to raise any affirmative defense—including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c)—that may be supported by the record.

Dated: September 18, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

KRISTINA A. WOLFE
Assistant Branch Director

*/s/ William S. Jankowski*
WILLIAM S. JANKOWSKI
D.C. Bar No. 90021524
Trial Attorney
U.S. Department of Justice

Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
(202) 353-7578
william.s.jankowski@usdoj.gov

*Counsel for Defendants*