**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WUXI APPTEC CO., LTD.,

*Plaintiff,*

v.

U.S. DEPARTMENT OF DEFENSE a/k/a
U.S. DEPARTMENT OF WAR, et al.,

*Defendants*.

Civ. Action No. 1:26-cv-02069-JEB

**PLAINTIFF'S MOTION FOR LIMITED DISCOVERY**

Plaintiff WuXi AppTec Co., Ltd., pursuant to this Court's Order, dated October 1, 2026, respectfully moves for leave to take limited discovery. The grounds for this Motion are set forward in the accompanying Memorandum of Law in Support of Plaintiff's Motion for Limited Discovery and the Declaration of Melissa Mills and exhibits attached thereto. Counsel for the parties met and conferred on the relief Plaintiff requested in this Motion in an effort to resolve the matter out of court but were unable to do so. Defendants intend to oppose this Motion. Pursuant to Local Civil Rule 7(f), Plaintiff respectfully requests that the Court schedule a hearing on this Motion at the Court's earliest convenience. A proposed order is attached.

Dated: October 8, 2026

WILSON SONSINI GOODRICH & ROSATI, P.C.

/s/ *Melissa Mills*
Melissa Mills (D.C. Bar No. 90033390)
953 East Third Street, Suite 100
Los Angeles, CA 90013-1955
(323) 210-2991
mmills@wsgr.com

Michael S. Sommer
(*pro hac vice forthcoming*)
Morris Fodeman

(*pro hac vice*)
Sheryl Shapiro Bassin (N.Y. Bar No. 4662797)
(admitted to practice before this court)
31 West 52nd Street, Fifth Floor
New York, NY 10019-6118
(212) 999-5800
msommer@wsgr.com
mfodeman@wsgr.com
sbassin@wsgr.com

Timothy M. Broas (D.C. Bar No. 391145)
1700 K Street NW, Fifth Floor
Washington, DC 20006-3814
(202) 973-8846
tbroas@wsgr.com

*Counsel for Plaintiff WuXi AppTec Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WUXI APPTEC CO., LTD.,

*Plaintiff,*

v.

U.S. DEPARTMENT OF DEFENSE a/k/a
U.S. DEPARTMENT OF WAR, et al.,

*Defendants*.

Civ. Action No. 1:26-cv-02069-JEB

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR LIMITED DISCOVERY**

# TABLE OF CONTENTS

**Page**


INTRODUCTION ..... 1

BACKGROUND ..... 2

I. Factual Background ..... 2

II. Procedural History ..... 3

III. The Current Record Leaves Unresolved Factual Questions. ..... 4

ARGUMENT ..... 5

I. The Court Has Broad Discretion to Authorize Limited Discovery. ..... 5

A. Discovery is Permitted to Ensure a Complete Administrative Record. ..... 5

B. Discovery is Permitted to Support Procedural Claims. ..... 6

II. Limited Discovery Is Necessary to Ensure Effective Judicial Review ..... 6

A. Limited discovery is necessary to determine whether the administrative record is complete [Interrogatory Nos. 1 & 2, Request for Production No. 1]. ..... 6

B. Limited discovery into the Department's processes is necessary to determine whether the Department violated the Company's due process rights and the APA. ..... 11

1. Due Process claim: The Department's asserted defenses require discovery beyond the administrative record [Interrogatory No. 5] ..... 11

2. APA claim: How the Department failed to verify its supporting evidence requires discovery beyond the administrative record [Interrogatory Nos. 3 and 4] ..... 13

3. APA claim: Whether the Department followed its own guidelines (or has any guidelines) requires discovery beyond the administrative record [Document Request No. 2]. ..... 14

CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AFL-CIO v. Dep't of Labor*,
349 F.R.D. 243 (D.D.C. 2025) ..... 5

*Bellion Spirits, LLC v. United States*,
335 F. Supp. 3d 32 (D.D.C. 2018) ..... 6

*Cnty. of San Miguel v. Kempthorne*,
587 F. Supp. 2d 64 (D.D.C. 2008) ..... 7

*Damus v. Nielsen*,
313 F. Supp. 3d 317 (D.D.C. 2018) ..... 14

*Dep't of Com. v. New York*,
588 U.S. 752 (2019) ..... 10, 13

*Fund for Animals v. Williams*,
391 F. Supp. 2d 191 (D.D.C. 2005) ..... 7, 14

*Hesai Tech. Co., Ltd. v. Dep't of Defense*,
186 F.4th 873 (D.C. Cir. 2026) ..... 11, 12

*Kingdom v. Trump*,
2026 WL 1746251 (D.D.C. June 17, 2026) ..... 13

*McKoy v. Spencer*,
2019 WL 400615 (D.D.C. Jan. 31, 2019) ..... 6, 11, 15

*Morton v. Ruiz*,
415 U.S. 199 (1974) ..... 14

*Nat'l TPS Alliance v. Noem*,
819 F. Supp. 3d 1049 (N.D. Cal. 2025) ..... 13

*Nat'l Wilderness Inst. v. U.S. Army Corps. of Eng'r*,
2002 WL 34724414 (D.D.C. Oct. 9, 2002) ..... 6, 7, 14

*Neighborhood Assistance Corp. of Am. v. H.U.D.*,
2011 WL 3611461 (D.D.C. Aug. 17, 2011) ..... 5, 10

*Oceana, Inc. v. Ross*,
290 F. Supp. 3d 73 (D.D.C. 2018) ..... 7

*Rhea Lana, Inc. v. D.O.L.*,
2016 WL 10932817 (D.D.C. Dec. 6, 2016)....................6

*Saget v. Trump*,
375 F. Supp. 3d 280 (E.D.N.Y. 2019)....................13

*Stand Up for Cal. v. U.S. Dep't of Interior*,
71 F. Supp. 3d 109 (D.D.C. 2014)....................10

*Strike 3 Holdings, LLC v. Doe*,
964 F.3d 1203 (D.C. Cir. 2020)....................5

*Urban Sustainability Directors Network v. U.S. Dep't of Ag.*,
2026 WL 1500832 (D.D.C. May 29, 2026)....................5, 7, 8, 11

**STATUTES**

§ 1260H.................... *passim*

**RULES**

Fed. R. Civ. P. 26(b)(1)....................5

Fed. R. Civ. P. 26(d)(1)....................5

Fed. R. Civ. P. 26(f)....................5

Local Civil Rule 7.1(m)....................4

Local Civil Rule 16.3(b)(1)....................5

## INTRODUCTION

To date, Defendant U.S. Department of Defense (a/k/a U.S. Department of War) (the "Department") has not produced a complete administrative record documenting the rationale for its consequential and questionable decision to designate Plaintiff WuXi AppTec Co., Ltd. (the "Company" or "WuXi") as a "Chinese military company." It has also rebuffed the Company's request to engage in the very limited discovery—five interrogatories and two document requests—sought here.

This Court previously granted WuXi's Motion for a Preliminary Injunction, finding that the Company would likely succeed on its claim that the designation was arbitrary and capricious. Memorandum Opinion, ECF No. 25 ("PI Opinion") at 11, 13–20. The Court did not reach the merits of the Company's other claims. *Id.* at 11. The Company's very limited proposed discovery requests serve two distinct and important purposes: (1) to determine whether further supplementation of the administrative record is required to facilitate effective judicial review; and (2) to support the Company's procedure-based claims that the Court did not reach.

Limited discovery is essential to assess the actual reason the Department of War designated the Company as a "Chinese military company." The need for additional facts is powerfully supported by the facts now known and admitted—including that the Department made, and conveyed to Congress, its designation determination *before it ever began to analyze or validate the bases for that determination*. *See* Ex. C (Feinberg Letter); Ex. D at 9-10 (email thread among counsel). The Company respectfully requests leave to serve its Interrogatories (Exhibit A) and Requests for Production (Exhibit B) on the Department, and an order that the Department respond within 21 days.

## BACKGROUND

### I. Factual Background

Congress enacted Section 1260H of the William M. (Mac) Thornberry National Defense Authorization Act for Fiscal Year 2021 to permit designation of a company as a "Chinese military company" if it is directly or indirectly owned by, controlled by, or affiliated with specified Chinese military and state entities. PI Opinion at 2–4. At the same time, Congress included guardrails to protect companies from erroneous designation: the Secretary of Defense "must" make the determination "based on the most recent information available" and "supply[] a justification" for the company's designation. *Id.* at 4 (citing 1260H(a)).

Since at least 2024, the Company has engaged with the Department to explain why it does not meet Section 1260H's definition of a "Chinese military company." PI Opinion at 7. In January 2025, the Department chose not to designate the Company. *Id.* Following 2025 amendments to Section 1260H, the Company requested and had, in November 2025, a further meeting to continue its dialogue. *Id.*

Unbeknownst to the Company, by the time of the November meeting, Deputy Secretary of War Steve Feinberg had already written to the U.S. House and Senate Armed Services Committees advising that the Department "ha[d] determined" that the Company, along with seven other entities, satisfied the 1260H criteria and were "Chinese military companies" based on the "latest information" ("Feinberg Letter"). Ex. C; PI Opinion at 7. The Company did not learn of the Feinberg Letter, dated October 7, 2025, until public reporting was published *after* the November 2025 meeting. PI Opinion at 7. When the Company sought the Department's justification for its reported determination, the Department declined to substantively respond. Ex. H at AR3603 (December 1, 2025 email: "Additionally, the Department has no comment on the below referenced Bloomberg article.").

On February 13, 2026, without providing notice to the Company, the Department published a version of the 1260H list including the Company with a single-sentence justification. PI Opinion at 7. The Department then had the list removed from the Federal Register roughly one hour later without explanation. *Id.* at 8. The Company has never received a decisional memorandum or indeed any rationale for its brief inclusion on the February 13, 2026 1260H list.

On June 10, 2026, the Department published a 1260H list designating WuXi with the same single-sentence justification as the short-lived February 13, 2026 1260H list, stating only that the Company "is indirectly owned by SASAC and is indirectly affiliated with SASTIND and the PLA." PI Opinion at 7. As with the February 13, 2026 designation, the Department gave no notice or opportunity to review and respond to the bases allegedly supporting the designation. Plaintiff first learned of the Department's purported bases for the designation after filing its motion for preliminary injunction.

## II. **Procedural History**

The Company filed the instant action on June 11, 2026, against the Department, Secretary Pete Hegseth, Deputy Secretary Feinberg, and Assistant Secretary Michael Cadenazzi, pleading five counts: (1) the 1260H designation is arbitrary and capricious in excess of statutory authority, and unsupported by substantial evidence in violation of the APA, (2) the 1260H designation was made without observance of legally required procedure in violation of the APA, (3) the Company was deprived of its constitutional right to due process via a failure to provide pre-deprivation notice and an opportunity to rebut the assumptions underlying the Department's decision, (4) the 1260H designation was *ultra vires*, and (5) Section 1260H is void for vagueness as applied to the Company or, in the alternative, on its face. Complaint, ECF No. 1 ("Compl.") ¶¶ 67, 75, 81, 85, 90; PI Opinion at 9.

On June 29, 2026, the Company moved for a preliminary injunction, which the Court granted on August 7, 2026. PI Opinion at 11. The Court found each of the Department's three grounds for designating the Company to be unsupported by the Department's own evidence. *Id.* at 13–20. The Court did not reach the Company's other claims or theories. *Id.* at 11.

Pursuant to Local Civil Rule 7.1(m) and the Court's September 18, 2026 Order, counsel for the parties met and conferred by videoconference on September 22, 2026, and by email on September 28, 2026. The Company opined that limited discovery is warranted; Defendants disagreed. The parties filed a joint proposed discovery briefing schedule (ECF No. 30), which this Court adopted in an October 1, 2026 Order. This motion is filed in accordance with that schedule.

## III. <u>The Current Record Leaves Unresolved Factual Questions.</u>

There are indicia that the current administrative record is incomplete and inadequate to permit effective judicial review of the Company's claims. First, the Company has received incomplete, and at times inconsistent, information on when the Department decided to designate the Company and on what bases. Those basic facts are necessary to determine whether the administrative record is complete (Document Request No. 1 (Ex. B); Interrogatory Nos. 1–2 (Ex. A)). Second, certain of the Company's claims are not based in the administrative record and instead go to the Department's processes, such as: (1) whether the Department followed its own guidelines to determine whether an entity qualifies as a "Chinese military company" under Section 1260H (Document Request No. 2 (Ex. B)); (2) how the Department came to rely on its stated evidence, whether it verified its own sources, and whether the justifications were pretext for a decision reached first and justified only afterwards (Interrogatory Nos. 3–4 (Ex. A)); and (3) information bearing on the Department's claimed exigency—a "special need for very prompt action"—for denying constitutionally mandated pre-deprivation due process (Interrogatory No. 5 (*Id.*)). The limited discovery requested by Plaintiff is narrowly tailored to each inquiry.

## ARGUMENT

### I. <u>The Court Has Broad Discretion to Authorize Limited Discovery.</u>

Federal Rule of Civil Procedure 26(b)(1) entitles parties to discovery into nonprivileged matters relevant to their claims and defenses, proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). While this Court's Local Rules recognize that an action "for review on an administrative record" generally does not involve discovery, L. Cv. R. 16.3(b)(1) (removing the requirement to hold a Rule 26(f) conference in litigations involving "review on an administrative record"), the Court retains "broad discretion over the structure, timing, and scope of discovery." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1208 (D.C. Cir. 2020). This broad discretion includes ordering discovery related to APA claims beyond the administrative record, *see AFL-CIO v. Dep't of Labor*, 349 F.R.D. 243, 247–48 (D.D.C. 2025) (granting limited discovery relating to APA claims), and ordering discovery in the absence of a Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).

#### A. Discovery is Permitted to Ensure a Complete Administrative Record.

Where a party raises only claims under the APA, discovery is permitted beyond the record on either (1) "a significant showing … that it will find material in the agency's possession indicative of bad faith or an incomplete record," or (2) that "the record is so bare as to frustrate judicial review." *Urban Sustainability Directors Network v. U.S. Dep't of Ag.*, 2026 WL 1500832, at *7–8 (D.D.C. May 29, 2026) (cleaned up) (permitting discovery beyond the administrative record when plaintiffs had "reasonable, non-speculative grounds to believe [documents] were considered in relation to" an agency decision); *see also Neighborhood Assistance Corp. of Am. v. H.U.D.*, 2011 WL 3611461, at *1 (D.D.C. Aug. 17, 2011) (explaining that the first inquiry is implicated when a decisionmaker engaged in "improper behavior so that without discovery the administrative record cannot be trusted"). Documents should be added to the record: "'(1) if the

agency deliberately or negligently excluded documents that may have been adverse to its decision, (2) if background information was needed to determine whether the agency considered all the relevant factors, or (3) if the agency failed to explain administrative actions so as to frustrate judicial review.'" *Rhea Lana, Inc. v. D.O.L.*, 2016 WL 10932817, at *2 (D.D.C. Dec. 6, 2016) (citation omitted); *see also Nat'l Wilderness Inst. v. U.S. Army Corps. of Eng'r*, 2002 WL 34724414, at *4 (D.D.C. Oct. 9, 2002) (stating discovery is permitted to "determine whether the agenc[y] considered all relevant factors.").

### B. Discovery is Permitted to Support Procedural Claims.

When a party raises a procedural claim, discovery is permissible if the procedural claim does "not require the evaluation of the substance of the agency's decision made on the administrative record." *McKoy v. Spencer*, 2019 WL 400615, at *11 (D.D.C. Jan. 31, 2019) (citing *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 44 (D.D.C. 2018) (Boasberg, C.J.)) (permitting discovery related to First and Fifth Amendment claims that did "not require the Court to evaluate the substance of the [agency's] decision which was made on the administrative record").

## II. Limited Discovery Is Necessary to Ensure Effective Judicial Review.

### A. Limited discovery is necessary to determine whether the administrative record is complete [Interrogatory Nos. 1 & 2, Request for Production No. 1].

There are indicia that the administrative record as originally certified by the Department was incomplete and inadequate to permit the Court to undertake effective judicial review of the Company's challenges to its designation. First, Plaintiff is aware of specific documents missing from the administrative record. Second, the Department has offered conflicting time periods during which the Department was purportedly making its determination.

Defendants have agreed in theory to supplement the administrative record with certain specific documents that Plaintiff identified—assuming Defendants are eventually able to locate their own copies of these documents—but they have not yet done so. In light of the admitted omission from the original administrative record of those key documents that Plaintiff brought to Defendants' attention, limited discovery is warranted to determine whether additional materials should also be included. *See Nat'l Wilderness Inst.*, 2002 WL 34724414, at *5 ("[T]he Court will permit discovery to ensure that the complete record is before the Court."). Such discovery is permitted upon "a significant showing…that [the Company] will find material in the agency's possession indicative of…an incomplete record." *Urban Sustainability Directors Network*, 2026 WL 1500832, at *7–8.

The administrative record must contain all documents "that were before the agency at the time the [designation] decision was made." *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 78 (D.D.C. 2018). This includes documents that the Department "directly or indirectly considered." *Id.* at 77 (citation omitted). The Department may not "exclude information [from the administrative record] on the grounds that it did not rely on the excluded information in its final decision," nor may it "skew the record in its favor by excluding pertinent but unfavorable information." *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 196–97 (D.D.C. 2005).

It is also relevant that Defendants did not immediately agree to supplement the record with certain materials of which Plaintiff was aware. Specifically, the original record excluded the October 7, 2025 Feinberg Letter, which was unquestionably before the Department when it decided to designate the Company. *See Cnty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 76 (D.D.C. 2008) ("It is axiomatic that documents created by an agency itself or otherwise located in its files were before it" and must be included in the administrative record.). The Feinberg Letter

informed members of Congress that the Department "has determined" WuXi is a "Chinese military compan[y]" based on "the latest information available." Ex. C. That this letter was not part of the original record raises significant questions regarding the completeness of the record, and Defendants' reticence to produce the Feinberg Letter amplifies those questions.

Indeed, Defendants strenuously resisted Plaintiff's efforts to obtain a copy of the Feinberg Letter prior to this Court's preliminary injunction ruling. On July 9, 2026, Plaintiff asked the Department to "provide a copy" of the Feinberg Letter as Plaintiff "await[s] the full administrative record." Ex. E at 2 (email thread among counsel). On July 11, 2026, Plaintiff reiterated its request. *Id*. at 1. On July 13, 2026, counsel for the Department advised that the Feinberg Letter was excluded from its "finalized [] administrative record" because "Defendants have confirmed to us that they did not rely, directly or indirectly" on the Feinberg Letter "in making the agency's June 2026 Section 1260H list determination." Ex. D at 12. Plaintiff responded the same day, reiterating its request for the Feinberg Letter and noting that "non-reliance does not suffice to remove [the Feinberg Letter] from the administrative record." *Id*. at 10–11.

On July 14, 2026, the Department responded, again declining to provide the Feinberg Letter on the stated ground that the administrative record was complete and further advising that "the agency engaged in the relevant analysis for and validated its decision to include Plaintiff on the Section 1260H list *entirely in the months after November 2025*." Ex. D at 9–10 (emphasis added). This claim by the Department that its analysis of WuXi's purported status as a "Chinese military company" did not begin until *after* Deputy Secretary Feinberg advised Congress of the Department's intent to designate WuXi as such triggered further questions about the foundation of the designation.

On July 22, 2026, at the end of the preliminary injunction hearing, Plaintiff raised its quest for the missing letter, noted that it had requested a copy multiple times, advised that its FOIA request had been ignored, and asked the Court to order production or show cause why it should not be produced. Ex. F at Tr: 40:16–41:5 (PI Hearing Transcript). The Court declined to do so but indicated that Plaintiff could file a motion for supplementation. *Id.* On August 12, 2026, following this Court's ruling granting the preliminary injunction and reciting the reported fact of the Feinberg Letter (*see* PI Opinion at 7), Plaintiff once again asked the Department to produce it. Ex. D at 7–8. Two weeks later, on August 26, 2026, the Department finally acquiesced and agreed to "complete the administrative record with" the Feinberg Letter and additional correspondence. *Id*. at 5. Weeks later, on September 14, 2026, the Department provided a redacted version of the Feinberg Letter. *Id*. at 1; Ex. C. Upon receipt of the Feinberg Letter confirming that the designation determination was made by October 7, 2025, Plaintiff's counsel inquired into the factual basis for Defendants' counsel's prior assertion that analysis and validation for the determination had not begun until after November 2025. Ex. G at 4–5 (email thread among counsel). As of the date of filing, Plaintiff's counsel has received no response.

The conflicting information regarding *when* the Department was deciding to designate the Company—be it by the time of the Feinberg Letter in October 2025 or after November 2025—makes it impossible to determine the appropriate scope of the administrative record, and serves as reasonable, non-speculative grounds to believe that the Department considered but omitted documents from the administrative record. Interrogatory Request Nos. 1 and 2 thus ask the Department to state the dates on which it made "preliminary" and "final" "determination[s] that WuXi should be designated" under Section 1260H, and to "identify all supporting documents or information relied upon at that time." Ex. A. Requiring that the Department (1) attest in a sworn

document to the dates it determined to designate the Company, and (2) identify the supporting documents or information relied on, will ensure that the record includes the information "actually before" and "considered" by the Department. *See Stand Up for Cal. v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 116 (D.D.C. 2014).

Further, Document Request No. 1 requests any decisional memorandum underlying the February 2026 designation and all documents and information cited therein. The administrative record does not include a memorandum—or expressly identify any documents or information—to support the Department's initial decision to designate the Company in February 2026. Any memorandum or documents underlying the February 2026 listing were "actually before" the Department and directly or indirectly considered in its decision-making process. *See Stand Up for Cal.*, 71 F. Supp. 3d at 116; *see also Dep't of Com. v. New York*, 588 U.S. 752, 780 (2019) ("[I]n order to permit meaningful judicial review, an agency must 'disclose the basis' of its action.").

While Defendants agreed on August 26, 2026, to supplement the administrative record with five letters that the Company knew were missing from the record, it has to date been unable to locate two of these letters after "archiv[ing]" them "pursuant to standard record-retention policies." Ex. D at 4–5. As of the date of this filing, Defendants have not produced its copies of any of these five documents or supplemented the record.

Given the likely flaws already identified in the Department's bases for designating the Company, the belated supplementation of the purportedly complete administrative record with multiple additional documents, and the conflicting designation decision-making timelines provided by the Department, "without discovery the administrative record cannot be trusted." *Neighborhood Assistance Corp. of Am.*, 2011 WL 3611461, at *1. Plaintiff has made "a significant showing" of an "incomplete record," necessitating limited discovery to ensure this Court's review

proceeds on a complete administrative record. *See Urban Sustainability Directors Network*, 2026 WL 1500832, at *7–8. For these reasons, the Court should order the Department to respond to Request for Production No. 1 and Interrogatory Nos. 1 and 2.

**B. Limited discovery into the Department's processes is necessary to determine whether the Department violated the Company's due process rights and the APA.**

The Company's remaining discovery requests are unrelated to the substance of Department's *decision*, and instead go to the Department's designation *process*, which is ripe for discovery. The Company alleges the procedures employed by the Department violate (1) the Company's constitutionally protected due process rights and (2) the APA as arbitrary and capricious. Compl. ¶¶ 67, 75, 81. Discovery is permissible if the challenge to agency action "does not require the Court to evaluate the substance of the agency's decision made on the administrative record." *McKoy*, 2019 WL 400615, at *11.

1. <u>Due Process claim: The Department's asserted defenses require discovery beyond the administrative record [Interrogatory No. 5].</u>

The Company first learned the bases for the designation decision when the Department produced the May 2026 Decisional Memorandum in this litigation. *See*, *e.g.*, PI Opinion at 8. On August 18, 2026, the D.C. Circuit held that the Due Process Clause requires the Department to provide a 1260H-designated company with "notice and an opportunity to be heard…*before* final deprivation." *Hesai Tech. Co., Ltd. v. Dep't of Defense*, 186 F.4th 873, 879 (D.C. Cir. 2026) (emphasis in original). The D.C. Circuit determined that Hesai's due process rights were violated because Hesai—like WuXi—was designated first, and "notified of the Secretary's decision and permitted access to the record only *after* the re-listing decision was final." *Id.* at 880 (cleaned up).

Here, the Department did not merely delay notice until after designation and the resulting litigation. Its due process deprivations went considerably further. In late November 2025, the

Department idled through a sham meeting with the Company for the ostensible purpose of considering why the Company should *not* be designated, failing to mention the key fact that Deputy Secretary Feinberg had already made and informed Congress of the decision to designate the Company the month prior. *See* Ex. C. Moreover, the analysis for the designation reportedly began *after* November 2025—suggesting that the November 2025 meeting was performative and did not factor into that analysis. Ex. D at 9–10.

The Department raised an affirmative defense to the lack of meaningful process, arguing that because "the Department has a special need for very prompt action," "pre-deprivation notice is not required." Defendants' Opposition to PI Motion, ECF No. 17 ("PI Opp.") at 19, 23; *see also Hesai*, 186 F.4th at 881 (determining "the Secretary has not shown how advance notice and an opportunity to respond would similarly frustrate the designation process" and require a "special need for very prompt action"). The Department supported its supposed special need for very prompt action only with generic and conclusory assertions that pre-deprivation notice would permit entities to "take countermeasures, such as spinning off assets to create a new entity or creating new entities while obscuring their true ownership" or "spoliate relevant evidence." PI Opp. at 23. In Defendants' Answer to the Complaint, Defendants "reserv[ed] the right to raise any affirmative defense…that may be supported by the record." Defendants' Answer to Plaintiff's Complaint, ECF No. 29 at Affirmative Defenses ¶ 2.

Plaintiff is aware of no documents or information in the administrative record regarding the Department's assessment of any alleged "countermeasures," which is relevant to the Department's affirmative defense. Interrogatory No. 5 asks the Department to identify "Documents, facts, or other information" supporting the existence of these alleged "countermeasures." Ex. A. To ensure this Court can evaluate Defendants' asserted "special need

for very prompt action" defense, the Court should order the Department to respond to Interrogatory No. 5.

2. APA claim: How the Department failed to verify its supporting evidence requires discovery beyond the administrative record [Interrogatory Nos. 3 and 4].

The flaws already identified in the Department's designation decision also raise concerns of pretext and predetermination in violation of the APA, requiring discovery outside of the administrative record into the Department's processes.

Courts have found agency decisions arbitrary and capricious where they are predetermined and "rest[] on a pretextual basis" "reverse engineered to implement" a "preordained" outcome. *Kingdom v. Trump*, 2026 WL 1746251, at *8 (D.D.C. June 17, 2026); *see also Nat'l TPS Alliance v. Noem*, 819 F. Supp. 3d 1049, 1074–75, 1088 (N.D. Cal. 2025) (finding agency action arbitrary and capricious where the agency "executed a preordained decision… and searched for a rationale to support the decision"). The facts here appear to illustrate that scenario exactly: according to the plain language of the Feinberg Letter and the Department's own admissions, the decision was made by October 7, 2025, but "the agency engaged in the relevant analysis for and validated [that decision] entirely in the months after November 2025." Ex. D at 9–10.

Agency action is also arbitrary and capricious "when the action is the product of…improper political influence." *Saget v. Trump*, 375 F. Supp. 3d 280, 354 (E.D.N.Y. 2019). In *Department of Commerce v. New York*, the Supreme Court found extra-record discovery was "justified" where the Secretary had predetermined an outcome, "adopted [a supporting] rationale late in the process," and "instructed his staff to make [the action] happen." 588 U.S. at 782–84. At base, a pretextual justification cannot sustain agency action. *See id*.

The facts here similarly support extra-record discovery. Count I claims "political[] pressure[]" played a role in the Company's designation (Compl. ¶ 67), and the presently known

facts suggest a preordained outcome—whether or not politically motivated—with the Department grasping for a rationale post-hoc. Information about how the Department found, validated, and came to rely upon (1) the two documents supporting its SASAC theory, and (2) its interpretation of the Company's role in the MOST application process and the clinical drug studies writ large—all of which this Court found to be unconvincing (*see* PI Opinion at 13–19)—are critical for this Court's adjudication of the Company's claims, particularly its arbitrary-and-capricious claim based on political influence. Interrogatory Nos. 3 and 4 (Ex. A) seek information to establish whether the Department's stated rationale was the actual basis for its decision, or whether it was assembled after the fact. This, too, goes to procedure (how the Department validated its decision) beyond the administrative record. To facilitate effective review of the Company's arbitrary-and-capricious claim in Count I, the Court should order the Department to respond to Interrogatory Nos. 3 and 4.

3. APA claim: Whether the Department followed its own guidelines (or has any guidelines) requires discovery beyond the administrative record [Document Request No. 2].

It is a "fundamental principle of federal law [] that a federal agency must follow its own procedures." *Damus v. Nielsen*, 313 F. Supp. 3d 317, 337 (D.D.C. 2018) (Boasberg, C.J.) (citing *Morton v. Ruiz*, 415 U.S. 199, 235 (1974)). An agency's failure to follow its own procedures "amount[s] to an unlawful action under the APA" and is "arbitrary, capricious, and an abuse of discretion." *Id*. Discovery is permitted to determine whether an agency followed procedures and "considered all relevant factors." *Nat'l Wilderness Inst.*, 2002 WL 34724414, at *4; *see also Fund for Animals*, 391 F. Supp. 2d at 199 ("Supplementation of the administrative record is warranted in challenges of the procedural validity of an agency's action" and granting supplementation on this ground).

Count I alleges that the Department's designation was arbitrary and capricious based in part on an "unexplained and politically pressured reversal of the agency's prior position." Compl. ¶ 67. Whether the Department followed or departed from its internal 1260H designation guidelines is not found in the administrative record; rather, this inquiry goes to the procedures employed by the Department. *See McKoy*, 2019 WL 400615, at *12. Document Request No. 2 narrowly requests only the memoranda, guidelines, or other documents "describing the process or criteria for evaluating whether an entity qualifies as a 'Chinese Military Company.'" Ex. B. To facilitate effective review of the Company's arbitrary and capricious claim, the Court should order the Department to respond to Document Request No. 2.

## CONCLUSION

For the foregoing reasons, the Company respectfully requests that the Court grant this Motion, permit the Company to serve its Interrogatories and Requests for Production (attached as Exhibits A and B), and order the Department to respond to the discovery requests within 21 days.

Dated: October 8, 2026

WILSON SONSINI GOODRICH & ROSATI, P.C.

*/s/ Melissa Mills*
Melissa Mills (D.C. Bar No. 90033390)
953 East Third Street, Suite 100
Los Angeles, CA 90013-1955
(323) 210-2991
mmills@wsgr.com

Michael S. Sommer
(pro hac vice forthcoming)
Morris Fodeman
(pro hac vice)
Sheryl Shapiro Bassin (N.Y. Bar No. 4662797)
(admitted to practice before this court)

31 West 52nd Street, Fifth Floor
New York, NY 10019-6118
(212) 999-5800
msommer@wsgr.com
mfodeman@wsgr.com
sbassin@wsgr.com

Timothy M. Broas (D.C. Bar No. 391145)
1700 K Street NW, Fifth Floor
Washington, DC 20006-3814
(202) 973-8846
tbroas@wsgr.com

*Counsel for Plaintiff WuXi AppTec Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2026, the foregoing was electronically filed and served through this Court's CM/ECF system upon any parties or counsel of record registered with the CM/ECF system.

Respectfully submitted,

*/s/ Melissa Mills*
Melissa Mills (D.C. Bar No. 90033390)